# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**BENJAMIN A. MAESE,**

    **Plaintiff,**

**v.**                                                               **No. CIV 97cv1045 HB/JHG**

**KENNETH S. APFEL,**
**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

This matter is before the Court on Plaintiff's (Maese's) Motion to Reverse and Remand Administrative Decision, filed September 11, 1998. The Commissioner of Social Security issued a final decision denying Maese's application for disability insurance benefits. The United States Magistrate Judge, having considered the arguments, pleadings, administrative record, relevant law, and being otherwise fully informed, finds the motion is not well-taken and recommends that it be DENIED.

Maese, now forty-three years old, filed his application for disability insurance benefits on December 9, 1994, alleging a disability which commenced July 21, 1993, due to a crush injury to his left hand. He is a high school graduate with past relevant work as a diesel mechanic. The Commissioner denied Maese's application for disability insurance benefits both initially and on reconsideration. After conducting an administrative hearing, the Commissioner's Administrative Law Judge (ALJ) found Maese had a residual functional capacity for less than the full range of any type of work from July 22, 1993 to September 22, 1994. The ALJ thus concluded Maese was disabled from July 22, 1993 to September 22, 1994. The ALJ found Maese had the residual functional capacity

for light work with limitation of the use of his left hand after September 22, 1994. Relying on the testimony of a vocational expert, the ALJ concluded Maese was not disabled after September 22, 1994. The Appeals Council denied Maese's request for review of the ALJ's decision. Hence, the decision of the ALJ became the final decision of the Commissioner for judicial review purposes. Maese seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. §405(g).

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether he applied correct legal standards. *Hamilton v. Secretary of Health and Human Services,* 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

In order to qualify for disability insurance benefits or supplemental security income, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity. *Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1993)(citing 42 U.S.C. §423(d)(1)(A)). The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. 20 C.F.R. § 404.1520 (a-f). The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled. *Thompson v. Sullivan*, 987 F.2d at 1487.

At the first four levels of the sequential evaluation process, the claimant must show he is not engaged in substantial gainful employment, he has an impairment or combination of impairments severe enough to limit his ability to do basic work activities, and his impairment meets or equals one

2

of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1, or he is unable to perform work he had done in the past. 20 C.F.R. §§ 404.1520 and 416.920. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering his residual functional capacity, age, education, and prior work experience. *Id.*

In support of his motion to reverse and remand, Maese argues the ALJ's decision is not supported by substantial evidence, the ALJ failed to consider he is unable to perform his past relevant work, the ALJ failed to properly consider the opinions of the treating physicians, the ALJ failed to seriously consider his testimony of incapacitating factors, the ALJ failed to consider the combined effect of his impairments, and the ALJ misapplied the grids.

The record reveals that Maese, who is right handed, suffered a severe crush injury to his left hand on July 22, 1993, when a jack gave way and a dump truck fell on his hand. Administrative Record (AR) at 115; 212; 229; 234. He underwent surgery at the hospital on the same day for debridement of the wound and open reduction of the broken bones. AR 89-91.

After his release from the hospital, Maese was followed by Dr. Sweetser, who referred him to physical therapy five days a week. AR 124. Dr. Sweetser reported steady improvement and continued the physical therapy. AR 120-124. On March 14, 1994, Dr. Sweetser stated he intended to refer Maese to a hand surgeon. AR 120. On April 21, 1994, Maese was referred to Dr. Moneim. AR 118.

Dr. Moneim performed surgery on May 10, 1994. AR 118; 134-35. Maese recovered well from the surgery and continued to undergo physical therapy. AR 128-33. On September 22, 1994, Dr. Moneim concluded Maese had reached maximum medical improvement. AR 126. While Dr.

3

Moneim doubted Maese would ever be able to return to his prior employment, he believed Maese was a good candidate for vocational rehabilitation. *Id.*

On October 12, 1994, Dr. Kennedy, another treating physician, found Maese had a 66% impairment to the left upper extremity. AR 150. Dr. Kennedy opined Maese was not able to return to his past work as a diesel mechanic but that he was able to return to work if he is not required to use the left upper extremity for any significant or essential parts of his job. *Id.* Dr. Kennedy stated he believed Maese was a candidate for vocational rehabilitation. *Id.* On December 15, 1994, Dr. Kennedy stated Maese could return to work with limited use of his left hand. AR 205.

On February 9, 1995, Dr. Kennedy observed dirt and debris in the crevices of Maese's left hand, indicating he was using it. AR 203. On September 12, 1995, Dr. Kennedy reported Maese was undergoing vocational rehabilitation and was doing some computer work. AR. 176. On February 16, 1996, Dr. Kennedy noted Maese was going to school and was able to use his left hand in an awkward position on the keyboard. AR 189. However, Maese was experiencing pain in left upper arm, neck, and back. *Id.* Dr. Kennedy prescribed Amitriptyline, an antidepressant, to help Maese sleep. *Id.*

At the administrative hearing of February 15, 1996, Maese testified he could only use the palm of his left hand. AR 230. For the twenty years before the accident, he had worked solely as a heavy equipment mechanic. AR 231. Since the accident, he was unable to work around the house. AR 231-32. He had to wear clothes with snaps because he could not use buttons. AR 232. Sometimes his wife had to help him dress. *Id.*

Maese testified he became more frustrated with his family since the accident. AR 232. His right fingers were weaker than they used to be, but he could pick up 30 pounds with his right hand. AR 234. He was able to drive with one hand. AR 240. Maese rated the pain at a seven to eight on

4

a scale of one to ten. AR 244. He was able to feed his mother's horses and pigs a little bit. AR 244-45. Maese testified he applied for a light duty job with his former employer but no light duty positions were available. AR 246. After his last surgery in March, 1995, his thumb was numb. AR 247-248.

Maese's spouse testified that Maese was depressed all the time after the accident and he was harder to get along with. AR 250. He was more critical than he used to be. AR 254. Maese testified he had been sent to a counselor but was told nothing was wrong with him. AR 255.

In response to the ALJ's hypothetical questions, Kevin Davis, a vocational expert, testified that Maese could perform the job of food deliverer. AR 263.

Maese argues the ALJ's decision is not supported by substantial evidence. The district court may not reweigh the evidence nor substitute its discretion for that of the ALJ. *Glass*, 43 F.3d 1395. In this case, the ALJ throughly analyzed the reports of the treating physicians, the medical records and the hearing testimony. AR 10-14. After carefully reviewing the record and the decision of the ALJ, the United States Magistrate Judge is convinced substantial evidence of record amply supports the decision of the ALJ.

Maese contends the ALJ failed to consider he is unable to perform his past relevant work. In his decision, however, the ALJ determined Maese was unable to perform his past relevant work. Therefore this argument is unfounded.

Maese claims ALJ failed to properly consider the opinions of the treating physicians. A treating physician may offer an opinion which reflects a judgment about the nature and the severity of a claimant's impairments. *Castellano v. Secretary*, 26 F.3d 1027, 1029 (10th Cir. 1994). The ALJ must give controlling weight to this type of opinion if it is well supported by clinical and laboratory diagnostic techniques and it is not inconsistent with other substantial evidence in the record. *Id.*

5

However, a treating physician's opinion is not dispositive on the issue of disability because final responsibility for determining the ultimate issue of disability rests with the Commissioner. *Id.*

In this case, the ALJ did not discount the opinions of the treating physicians. While it is true that none of the treating physicians believed Maese was able to return to his past relevant work as a diesel mechanic, all of them opined he was capable of undergoing vocational rehabilitation and returning to some form of work. In other words, the ALJ did not discount the opinions of the treating physicians but instead relied upon them in reaching his decision. Therefore, this argument is without merit.

Maese argues the ALJ failed to seriously consider his testimony of incapacitating factors. Credibility is the exclusive province of the ALJ. *Hamilton*, 961 F.2d at 1499-1500; *Gossett v. Bowen*, 862 F.2d at 807. Moreover, this Court may not reweigh the evidence and substitute its judgment for that of the ALJ. *Hamilton*, 961 F.2d at 1499-1500. In this case, the ALJ appropriately compared Maese's assertions with other evidence of record and found it was exaggerated. AR12. The ALJ applied correct legal standards and substantial evidence supports his credibility determination.

Maese contends the ALJ failed to consider the combined effect of his impairments. AR 12. It is assumed Maese is referring to his alleged mental impairment. Maese went for counseling once and was told there was nothing wrong with him. The only references in the record to a mental problem are Maese and his wife's testimony that he was depressed and irritable and Dr. Kennedy's prescription for an antidepressant. Maese did not allege a mental impairment before the hearing, he was never referred for treatment, or diagnosed with a mental impairment. Consequently, there is substantial evidence in the record to support the ALJ's determination that Maese did not have a medically determinable mental impairment. The ALJ properly analyzed the alleged mental impairment.

6

Finally, Maese claims the ALJ misapplied the grids. However, the ALJ did not apply the grids. At step five, the ALJ relied on the testimony of a vocational expert. Therefore, this argument is wholly without foundation.

## RECOMMENDED DISPOSITION

The ALJ applied correct legal standards and his decision is supported by substantial evidence. Maese's Motion to Reverse and Remand Administrative Decision, filed September 11, 1998, should be denied and this case should be dismissed.

---
JOE H. GALVAN
UNITED STATES MAGISTRATE JUDGE

### NOTICE

Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.